# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIL SOON PARKS,

       Plaintiff,

v.                                      Case No. 13-10799
                                           Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
### AWARDING BENEFITS

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation **[Doc. No. 17, filed February 10, 2014]**. The Commissioner of Social Security filed objections to the Report and Recommendation on February 24, 2014 and Plaintiff Kil Soon Parks filed a response to the objections on March 10, 2014.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Commissioner generally objects that the R&R was in error in that the ALJ's decision is supported by substantial evidence and that the Magistrate Judge should not have weighed the evidence and made impermissible credibility findings. However, for the reasons below, the Commissioner's objections are overruled.

The Court agrees with the Magistrate Judge that the ALJ's findings are not supported by substantial evidence. The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching his conclusion. The Court also agrees with the Magistrate Judge that the ALJ committed reversible error in failing to properly give deference to the treating physician's opinion as required by 20 C.F.R. 404.1527(c)(2-6) which is error. Failure to provide "good reasons" for rejecting a treating physician's opinion constitutes reversible error. *See, Gayheart v. Commissioner of Social Security,* 710 F.3d 365, 376 (6th Cir. 2013). The Court

2

also agrees with the Magistrate Judge that the ALJ failed to properly account for Plaintiff's limitations as a result of depression into either the hypothetical question to the vocational expert or the residual functional capacity analysis. The Court further agrees with the Magistrate Judge that the ALJ's question to the vocational expert as to Plaintiff's skill level was erroneous. The Court agrees with the Magistrate Judge that the ALJ's determination that Plaintiff is capable of walking six hours a day and lifting up to 50 pounds is at odds with evidence that Plaintiff suffered daily fatigue resulting from hypoglycemic dips and depression. Based on these reasons and the reasons set forth in the R&R, the Commissioner's objections are overruled.

The Court declines to remand the matter under sentence 4 of 42 U.S.C. § 405(g) as requested by the Commissioner in its Objection since there is no reason to "reweigh" a doctor's opinion, the ALJ having had the opportunity in the first instance to weigh the opinion, which the Court found was in error. The Court accepts the Magistrate Judge's recommendation that this matter be remanded to the Commissioner for an award of benefits. Benefits may be awarded immediately and the matter remanded to the Commissioner for the limited purpose of granting an award of benefits as of the disability onset date. *Gentry v. Commissioner of Social Security,* 741 F.3d 708, 730 (6th Cir. 2014).

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Doc. No. 17, filed February 10, 2014]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 11, filed June 26, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment **[Doc. No. 16, filed December 2, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Objection **[Doc. No. 18, filed February 24, 2014]** is OVERRULED and the Commissioner's decision is REVERSED.

**IT IS FURTHER ORDERED** this matter is REMANDED to the Commissioner for an award of benefits in favor of Plaintiff.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager