UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIL SOON PARKS,

        Case No. 13-10799

    Plaintiff,        District Judge Denise Page Hood

v.        Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

Before the Court is Plaintiff's counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. #22], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the Petition be GRANTED, and that the Court approve attorney fees in the amount of $8,871.18.

## I.   FACTS

Plaintiff prevailed in this Court in her complaint for judicial review of the Commissioner's original decision to deny Social Security Disability benefits. *Docket #20-21.* On remand, Plaintiff received an award of past benefits, retroactive to July 15, 2009. Plaintiff signed a contingent fee agreement with her attorney D. Louis Weir whereby he would receive 25% of any past due benefit as attorney fees. *Docket #22-4.* Plaintiff's counsel notes that the fee requested represents less than 25% of the total past benefits of

-1-

$14,871.

## II. DISCUSSION

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a §406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."  In making the reasonableness determination, "the court may require the claimant's attorney to submit not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fees yielded by the fee agreement, a record of the hours spent representing the claimant...." *Id*.

Based on Mr. Weir's representation, Plaintiff was awarded benefits retroactively to July 15, 2009. The results achieved were indisputably outstanding. Mr. Weir has submitted a detailed accounting of the time expended in representing his client. *Docket #22-6.* The fee

of $8,871 requested is well less than $14,871 representing 25% of the back benefits awarded to the Plaintiff pursuant to the twenty-five percent contingent fee agreement. *See Borgman v. Commissioner of Social Sec.* WL 2217135, *3-4 (E.D.Mich. March 29, 2014)(Majzoub, MJ)($23,006.95 fees not unreasonable under § 406(b) where 25 percent under contingent fee agreement was $26, 901.20). Moreover, Defendant has not opposed Plaintiff's request for attorney fees.

### III.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. #22] be GRANTED, and that counsel be awarded fees in the amount of 8,871.18 that are being withheld from Plaintiff's past due benefits.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2015, by electronic means and/or ordinary mail.

                                        s/H. Monda in the absence of C. Ciesla
                                        Case Manager